IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:09-825 (CMC) |
| v. | **OPINION and ORDER** |
| Antonio Merlin Harmon, | |
| Defendant. | |

This matter is before the court on Defendant's "Motion Pursuant to Reconsideration of 18 U.S.C. § 3582(c)(2) Amendment 750." ECF. No. 1131. This court has previously denied Defendant's motion for relief under Amendment 750 to the Guidelines. *See* Order filed December 15, 2011 (ECF No. 1029). To the extent Defendant's motion is a motion for reconsideration of that denial of relief, it is denied.

Defendant's motion challenges the calculation of his original sentence, arguing, *inter alia*, that he is "eligible for a sentence reduction on the bas[is] that the 21 U.S.C. § 851 [offense] does not qualify as a predicate offense." Mot. at 1. Defendant's motion is more properly construed as a motion for relief under 28 U.S.C. § 2255. Defendant has not previously filed a § 2255 motion. However, if this court construes this motion as one for relief under § 2255, Defendant should be given the opportunity to amend it to include all grounds he wishes to raise in a § 2255 motion, as several consequences result from the filing and consideration on the merits of a § 2255 motion. *Castro v. United States*, 540 U.S. 375, 377 (2003).[1]

---

[1] The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996 placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive petition under § 2255, Defendant would be required to obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As

1

Because these limitations affect future filings by Defendant if this court construes the presently-filed motion as one for relief under § 2255, the court notifies Defendant of its intent to construe the motion filed August 9, 2012, as a motion for relief under § 2255. Defendant shall have the opportunity to either withdraw this motion, or amend it to include all the grounds for relief he wishes to pursue by **August 31, 2012**. If Defendant chooses to either proceed with the currently filed motion or to amend to assert additional grounds for relief, the court will thereafter issue an order directing the United States Attorney to respond.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 14, 2012

---

provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Therefore, any subsequent motion by Defendant would be barred absent this permission to file.